Justice PLEICONES.
I concur in the majority’s decision to affirm petitioner’s conviction and sentence, but write separately as I do not believe that the privacy clause of S.C. Const, art. I, § 10 (2007) altered the common understanding that a law enforcement officer, like other individuals, has an “implicit license ... to approach the home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave.” Florida v. Jardines, — U.S.-, 133 S.Ct. 1409, 1415, 185 L.Ed.2d 495 (2013). An officer who does not have a warrant “may approach a home and knock precisely because that is ‘no more than any private citizen might do.’ ” Id. at 1416 citing Kentucky v. King, 563 U.S. 452, 131 S.Ct. 1849, 1862, 179 L.Ed.2d 865 (2011).
While I appreciate the majority’s thorough treatment of the subject, and share their concern at the potential for coercion when a citizen is confronted by officers on her porch,[8]1 would not require law enforcement officers to have a reasonable *176 suspicion of illegal activity occurring in the home in order to “knock and talk.” Cf. State v. Bash, 412 S.C. 420, 772 S.E.2d 537 (Ct.App.2015) (analyzing “knock and talk” under the Fourth Amendment). Most particularly, I would not prevent law enforcement from conducting welfare checks at residences. However, were they to conduct the type of neighborhood-wide sweep feared by the majority, I would find that type of conduct indicative of coercion that could, in certain circumstances, vitiate the individual’s consent to a search of her home.
I concur in the majority’s decision to affirm the decision of the Court of Appeals.
TOAL, C.J. concurs.

. I do not agree, however, that the "Protection of Persons and Property Act” provides support for the majority's reading of the constitution as the Act specifically exempts from the presumption of reasonable fear "a law enforcement officer who enters or attempts to enter a dwelling or residence ... in the performance of his official duties....” S.C.Code Ann. § 16-11-440(B)(4) (Supp.2014); see also § 16-11-450(A) (Supp. 2014) (no immunity for killing of officer).